ors representing the body of stockholders, the general management of the business of the company. There must be a clear default, therefore, on their part, involving a breach of duty, within the rule established in equity, to authorize a stockholder to institute the suit in his own behalf, or for himself and other stockholders who may choose to join." A large number of cases to the same purport will be found collected in Abb. Dig. Corp. tit. "Stockholders." See, also, Grant, Corp. 290–292; Ang. & A. Corp. (6th Ed.) § 391.

This is decisive against the right of the complainant in the present case to maintain his suit. So far from showing any complicity of the directors of the Pontchartrain Railroad Company with the defendants, or even any neglect or default on their part in protecting the interests of the corporation, the bill exhibits the record of a suit brought by the company in the state court for precisely the same relief which is sought here.

Under these circumstances, I have no hesitation in coming to the conclusion that the motion for injunction must be denied, and the bill dismissed.

Let a decree be entered accordingly.

MORGAN (REINTZEL v.). See Case No. 11,683.

## Case No. 9,807.

### MORGAN v. ROWAN.

[2 Cranch, C. C. 148.] [1]

Circuit Court, District of Columbia. April Term. 1818.

TAXATION—MASTER AND SERVANT—POLL-TAX OF SERVANT—LIABILITY OF MASTER.

The by-law of Alexandria requiring the master to pay a poll-tax for his journeymen, is not repugnant to the general law of the land, and is authorized by the charter.

Trespass for taking seven pairs of shoes as a distress for not paying a poll-tax due to the corporation for sundry journeymen shoemakers, employed by the plaintiff. Upon a special verdict the question was as to the power of the corporation to compel the master to pay a poll-tax for his journeymen. Corp. By-Laws, pp. 5, 52, 93, §§ 3, 12.

E. J. Lee, for plaintiff.
J. D. Simms, for defendant.

THE COURT (MORSELL, Circuit Judge, contrà) was of opinion—that the by-law was not contrary to the general law of the land, and was authorized by the charter of the town.

MORGAN (SANTIAGO v.). See Case No. 12,-331.

1 [Reported by Hon. William Cranch, Chief Judge.]

## Case No. 9,808.

### MORGAN v. TAPSCOTT et al.

[5 Ben. 252.] [1]

District Court, E. D. New York. June. 1871.

ADMIRALTY JURISDICTION—POSSESSORY ACTION BY MORTGAGEE OF VESSEL.

Owners of a majority interest in a ship gave a mortgage on it to M. to secure advances. The mortgage having become due, M. took possession of the interest mortgaged, and claimed to hold the ship as majority owner. Thereupon S., the master, who was a part owner in the vessel, and T., another part owner, ejected M., and he thereupon filed a possessory libel against them and the vessel, to recover possession of the ship. Held, that the court had no jurisdiction of the action.

[Cited in The Grand Republic, 10 Fed. 399.]

This was a libel [by William D. Morgan,] to recover possession of the ship William Tapscott, and was filed against her and against James F. Tapscott, owner of eight forty-eighths of the ship, and James H. Spencer, master, owner of six forty-eighths of her. The libel alleged that James B. Bell, being the owner of thirty-three forty-eighths of the ship Wm. Tapscott, and being indebted to the firm of E. E. Morgan's Sons, on June 4, 1869, mortgaged that interest to the libellant to secure that indebtedness; that on April 19, 1871, the moneys secured by the mortgage had become due, and the libellant on that day took possession of the mortgaged interest, and became the absolute owner thereof, and majority owner of the ship, and entitled to hold the ship and the possession thereof against every one; and that on the 24th of April, the respondents violently ejected him from the ship. The respondents, claiming to be owners of thirty-three forty-eighths of the ship, besides answering to the merits, took an exception to the jurisdiction of the court, and the cause was heard on this exception alone.

Beebe, Donohue & Cooke, for libellant.
R. D. Benedict and James K. Hill, for respondents.

BENEDICT, District Judge. I am of the opinion that the decision of the supreme court of the United States, in the case of The John Jay, 17 How. [58 U. S.] 399, is decisive of this case. According to the reasoning of the case of The John Jay, such an action as the present cannot be maintained in the admiralty. The principle of the two cases is the same, and I am bound therefore to apply here the rule laid down by the supreme court, and pronounce against the jurisdiction.

The same effect was given to the decision of the case of The John Jay [supra], in a case similar in many aspects to the present, by the learned Judge Ware. The Wm. D. Rice [Case No. 17,691]. The exception to the

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]